UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Barbara Walker, | Case No. 6:24-cv-01546-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff State Farm Fire and Casualty Company filed this lawsuit against Defendant Samsung Electronics America, Inc. alleging product liability arising out of property damage caused by an allegedly defective electric range. Compl., ECF No. 1-1. Before the Court is Defendant's Motion for Judgment on the Pleadings. ECF No. 16 ("Def.'s Mot."). For the following reasons, Defendant's motion is denied.

## BACKGROUND

Plaintiff provides a homeowners insurance policy for Barbara Walker. Compl. ¶ 3. Walker owned a model NE63T8711SS AA electric range manufactured by Defendant ("the Range"). *Id.* ¶ 4. Plaintiff alleges that, on February 2, 2023, the Range activated due to "accidental/unknown contact while the power was off at [Walker's] residence." *Id.* ¶ 5, 7. When the power returned, the activated range top burner ignited nearby combustible materials which

caused a fire that damaged Walker's property ("the Property"). *Id.* ¶ 7. Walker subsequently submitted an insurance claim to Plaintiff for the resulting property damage. *Id.* ¶ 8. On August 8, 2024, Plaintiff, acting as subrogee of Walker, filed this action against Defendant, asserting a product liability claim under Oregon law.

## STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are closed for purposes of Rule 12(c) once a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"Judgment on the pleadings is properly granted when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)). The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, *id.*, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Id.* at 570.[1] A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must set forth more than "the mere possibility of

---

[1] Although *Twombly* dealt with a motion to dismiss under rule 12(b)(6), as noted above, the same standard of review applies to a motion for judgment on the pleadings. *Dworkin*, 867 F.2d at 1192.

misconduct." *Id.* at 678. The purpose of this pleading standard is "to give fair notice and to enable the opposing party to defend itself effectively," and to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## DISCUSSION

Oregon law defines a "product liability civil action" as:

[A] civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of: (1) Any design, inspection, testing, manufacturing or other defect in a product; (2) Any failure to warn regarding a product; or (3) Any failure to properly instruct in the use of a product.

Or. Rev. Stat. § ("ORS") 30.900. This statute "'embraces all theories a plaintiff can claim in an action based on a product defect,' including negligence and strict liability claims." *Brown v. GlaxoSmithKline, LLC*, 323 Or. App. 214, 219 (2022).

Under the statute, "the manufacturer of a product is liable for injuries caused to the product's user [or to the user's property] . . . if the plaintiff shows that the product is both defective and unreasonably dangerous" to the user or to the user's property. *Purdy v. Deere & Co.*, 311 Or. App. 244, 247 (2021); *see* ORS 30.920(1). To state a claim under ORS 30.920 for strict liability, a plaintiff must allege the following elements:

(1) [T]he sale or leasing of a product by one engaged in the business of selling or leasing such products; (2) a product that was expected to, and did, reach the user or consumer without substantial change in condition; (3) a product that, when sold, was in a defective condition unreasonably dangerous to the user or consumer; (4) injury to the user or consumer, or damage to his or her property; (5) that was caused by the product's defective condition.

*McCathern v. Toyota Motor Corp.*, 332 Or. 59, 77 n.15 (2001).

Here, Defendant argues Plaintiff fails to allege: (I) causation and (II) a manufacturing defect.

## I.     Causation

Defendant first argues that Plaintiff failed to plead that the Range's allegedly defective condition caused the fire that damaged the Property. Specifically, Defendant argues that Plaintiff's allegation that the Range "was activated by accidental/unknown contact" is insufficient to satisfy causation at the pleading stage without additional facts concerning "who or what activated the range, how [the range activated], or when [the activation occurred]." Def.'s Mot. 7.

To satisfy causation, a plaintiff must plead that an unreasonably dangerous condition of the product was a "substantial cause" of the plaintiff's injuries. *Benjamin v. Wal-Mart Stores, Inc.*, 185 Or. App. 444, 458 (2002). To adequately plead that a defendant's product was a substantial cause of an injury, a plaintiff must allege facts that causally connect the defect in the defendant's product to the plaintiff's injury. *See Gilmour v. Norris Paint & Varnish Co., Inc.*, 52 Or. App. 179, 185 (1981) (affirming grant of directed verdict in the absence of evidence of a "causal connection between plaintiff's injuries and the defendant's failure to warn").

Here, Plaintiff pled that the alleged manufacturing and design defects in the burner control knobs on the Range "caused the range top burner to activate after minimal, accidental contact with the burner control knobs" while the power was off, which in turn caused the Range to heat and ignite nearby combustible materials, resulting in a fire that damaged the Property. Compl. ¶¶ 6-7, 13. These facts, at a minimum, are sufficient to allow an inference that the alleged defective condition of the burner control knobs—together with the unknown "accidental contact" with those knobs—activated the Range burner and ultimately caused the fire and resulting property damage.

Defendant contends that Plaintiff is "guessing" at causation because the Complaint states that the burner was activated by "accidental/unknown contact." Def.'s Mot. 7; Compl. ¶ 7.

However, Defendant fails to cite any case law to support its contention that Plaintiff cannot plead causation if it alleges a second unknown cause that also contributed to Plaintiff's injury. Plaintiff need only plead that the alleged defect was a substantial cause of the damage to the Property, not that the defects was the *sole* cause. Here, the Court can infer from Plaintiff's alleged facts that, but for the alleged defects related to the burner control knobs, the range burner would not have activated from the "accidental contact." This is sufficient to plausibly allege a causal connection between the defects and the resulting damage.

## II.    Manufacturing Defect

Defendant also challenges the adequacy of Plaintiff's allegation of a manufacturing defect because Plaintiff "simply parrots the legal standard" for manufacturing defects and "lacks 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Def.'s Mot. 8. To allege a manufacturing defect, a plaintiff must plead facts sufficient to allow an inference that the product was in an unreasonably dangerous condition, meaning the product was "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." *McCathern*, 332 Or. at 77.

Here, Plaintiff alleged[2]  that the Range was "manufactured . . . in a defective and unreasonably dangerous condition." Compl. ¶ 11. The Complaint further specifies that the Range was "defective by reason of its manufacture insofar as the product's burner control knobs had deviated in a significant way from otherwise identical units of the same product line." *Id.* ¶ 13.

---

[2] Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings also relies on Defendant's recall notice for the NE63T8711SS AA range model to support its manufacturing and design defect allegations. However, this recall notice is outside of the pleadings and is not incorporated by reference in Plaintiff's Complaint. The Court does not consider the recall notice in its resolution of Defendant's motion.

Plaintiff specifically identifies the Range's allegedly defective component—the burner control knobs—and alleges that the defect is due to a manufacturing issue that caused knobs on the Range to significantly deviate from the knobs on identical ranges in the product line. Accepted as true, these factual allegations are sufficient to put Defendant on notice of the factual basis of Plaintiff's claim and to allege a manufacturing defect under ORS 30.920.

## CONCLUSION

For the reasons above, Defendant's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED.


DATED this 22nd day of April 2025.


s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge